# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COVENANT LIVING WEST,<br><br>　　　　　Defendant. | No. 1:21-cv-01303-JLT-SKO<br><br>ORDER CONTINUING STAY |
| JOHN MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COVENANT LIVING WEST,<br><br>　　　　　Defendant. | No. 1:21-cv-01393-JLT-SKO<br><br>ORDER CONTINUING STAY |
| DALLENE ROCCARO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COVENANT LIVING COMMUNITIES & SERVICES,<br><br>　　　　　Defendant. | No. 1:21-cv-01416-JLT-SAB<br><br>ORDER CONTINUING STAY |

1

The above-captioned matters are state-law actions concerning nursing homes' responses to the coronavirus pandemic. They were initially filed in California state courts and were subsequently removed to this U.S. District Court based on federal-question jurisdiction. The notice of removal in each case asserts, among other things, that the state law causes of action are preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d and 247d-6e (2006) (the "PREP Act"). Plaintiffs in each action have filed a motion to remand.

On October 21, 2021, the Ninth Circuit heard oral argument in *Saldana v. Glenhaven Healthcare LLC*, No. 20-56194. According to the opening brief, the issues presented to the Ninth Circuit for review in *Saldana* were as follows:

> 1. Did the district court err in its interpretation and application of the federal officer removal statute, 28 U.S.C. § 1442(a)(1), by failing to recognize that Defendants' response to the pandemic was at the specific direction of, and to assist, the federal government, such that Defendants were "acting under" a federal officer as contemplated by § 1442(a)(1) and *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007)?
> 2. Did the district court err in its interpretation of the PREP Act's complete preemptive effect by failing to construe the various components of the PREP Act together?
> 3. Did the district court err in failing to recognize that Plaintiffs' state claims raise embedded federal issues pursuant to *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) that compel granting federal jurisdiction because of the need for uniformity in the interpretation and enforcement of federal law in responding to the COVID-19 pandemic, which has affected every state in the country?

*Saldana*, Doc. No. 16, at 17–18. The parties in the above-captioned matters have briefed similar issues. (*See Moore*, No. 1:21-cv-01303-JLT-SKO, Doc. 15; *Moore*, No. 1:21-cv-01393-JLT-SKO, Doc. 11; *Roccaro*, 1:21-cv-01416-JLT-SAB, Doc. 1.)

On December 15, 2021, the Court stayed these matters pending resolution of *Saldana*, and ordered the parties, within fourteen days following the entry of the mandate by the Ninth Circuit in *Saldana*, to file either a stipulation regarding the lifting of the stay and setting forth appropriate deadlines or a joint status report indicating their respective positions on further proceedings.

The mandate issued in *Saldana* on April 26, 2022, but the parties failed to abide by the above filing deadline. Accordingly, the Court entered a minute order in each case ordering the parties to show cause why the case should not be remanded in light of *Saldana*. In the above-

captioned cases, Defendants responded indicating their preference to continue the stay while they pursued further appeals. A subsequent set of filings indicates that the parties in *Saldana* are in the process of briefing a petition for a writ of certiorari with the United States Supreme Court. It is anticipated that the petition will be ready for resolution some time in December 2022.

Accordingly, the Court finds it appropriate to stay this matter until the Supreme Court either denies the petition or rules on the merits of the case. Thus, the Court **ORDERS**:

1. **Within 14 days** of the Supreme Court's action denying the petition or ruling on its merits, the parties are directed to file a stipulation regarding lifting the stay, remanding the case or setting forth appropriate deadlines, or a joint status report indicating their respective positions on further proceedings. **Failure to comply will result in the imposition of sanctions including monetary sanctions, dismissal for failure to prosecute or striking the answer and entering default.**

IT IS SO ORDERED.

Dated: **October 4, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE